IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EAGLE SIX CONSULTANTS INC.<br>by and through its Court-Appointed<br>Receiver RYAN K. STUMPHAUZER<br><br>v.<br><br>B&T SUPPLIES, INC., TVZI ODZER,<br>and RUBEN AZRAK | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 22-4043<br>:<br>:<br>: |

**MCHUGH, J.**                                                                                              **July 21, 2023**

## MEMORANDUM

This is a breach of contract action brought by Plaintiff Eagle Six Consultants ("Eagle Six"), by and through its Court-Appointed Receiver Ryan K. Stumphauzer, against B&T Supplies ("B&T"), Tvzi Odzer, and Ruben Azrak. Plaintiff claims that B&T failed to satisfy its obligations to repay Plaintiff under a Commercial Promissory Note, and that Odzer and Azrak failed in their duties as personal guarantors of B&T's obligations under the Note. Plaintiff now moves for summary judgment, arguing that Defendants have admitted to all relevant elements of Plaintiff's breach of contact claim and have failed to introduce any evidence to create a dispute of material fact. Plaintiff is correct, and summary judgment will therefore be awarded in favor of Plaintiff and against the three Defendants.

**I.      Relevant Background**

Plaintiff Eagle Six executed a Commercial Promissory Note with Defendant B&T Supplies, Inc. in March 2019. Pl.'s Ex. 1, ECF 19-5. Under the Note, B&T borrowed $1,000,000 from Eagle Six. *Id.* at 1. Eagle Six arranged for Complete Business Solutions, Inc. d/b/a Par

Funding ("CBSG")[1] to fund the Note and further caused CBSG to withhold $15,000 in funding costs associated with the transaction. Pls. Ex. A ¶ 8, ECF 19-6. CBSG wired $985,000 in loan principal to B&T on March 22, 2019. Pl.'s Ex. B, ECF 19-12. B&T was obligated to make periodic payments to Eagle Six, with the entire balance due on March 14, 2021. Pl.'s Ex. 1 at 1. The Note also specified that "in the event this Note is collected by law or through an attorney at law or under advice therefrom, [B&T] agrees to pay all costs of collection, including reasonable attorneys' fees." *Id.* Defendants Tvzi Odzer and Ruben Azrak personally guaranteed B&T's obligations pursuant to the Note, which included the provision that "[t]he guarantors . . . agree that if [B&T] shall fail to pay in full when due . . . any of the Guaranteed Obligation, the guarantors will promptly pay the same, without any demand or notice whatsoever." *Id.* B&T failed to make any periodic payments under the Note after July 23, 2020. Pl.'s Ex. C, ECF 19-13; Pl.'s Ex. A-4, ECF 19-10.

In July 2020, the Securities and Exchange Commission ("SEC") initiated litigation against CBSG and related enterprises in the Southern District of Florida, claiming that CBSG had engaged in a "web of unregistered, fraudulent securities offerings." Pl.'s Ex. H. ¶ 1, EF 19-18. The SEC moved for the court to appoint a Receiver over the corporate defendants in that case to administer and manage those defendants' business affairs, funds, assets, and causes of action. Pl.'s Ex. D, ECF 19-14. The court granted the motion and appointed Ryan K. Stumphauzer—who the SEC had identified as qualified to take on such duties—as the Receiver for CBSG. *Id.* The court later expanded the scope of the Receivership to include Eagle Six. Pl.'s Ex. F. The Receiver moved the court to lift a litigation injunction in order to pursue causes of action against the Defendants in

---

[1] Eagle Six and CBSG are related entities that are currently being held under the same Receivership. *See* Pl.'s Ex. F, ECF 19-16.

this case and several other entities for the benefit of the Receivership Estate. Pl.'s Ex. G, ECF 19-17. The court granted the Receiver's motion. *Id*. The present breach of contract action followed.

On February 17, 2023, Plaintiff properly served on Defendants requests for admission pertaining to the breach of contract claim. Pl.'s Ex. J, ECF 19-21. Among other key facts, Plaintiff requested admission of the fact that the Note was executed between the parties; that the Note obligated B&T to make certain payments to Eagle Six, including periodic interest payments, with the final balance being due on March 14, 2021; that B&T made sixteen total payments to Eagle Six but did not make certain payments that the Note obligated it to make, resulting in B&T owing an outstanding principal of $689,901.50 to Eagle Six; and that the individual Defendants were guarantors of the Note and had authority to execute it on B&T's behalf. ECF 19-21 at 6-12, 19-25, 33-38. None of the Defendants responded to these requests for admission, despite responding to interrogatories and requests for production of documents that were served at the same time. Pl.'s Ex. K, ECF 19-21. Nor have Defendants responded to the motion for summary judgment.[2]

## II.     Standard of Review

This Motion is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.    Discussion

In the absence of a response from the Defendants, the Court has conducted a careful review of the evidence of record to determine the merits of the motion. Plaintiff relies on its Requests for

---

[2] Counsel for Defendants adopted an aggressive stance at the outset of this litigation, but later moved to withdraw because their fees were not being paid. Defendants did not oppose the motion to withdraw, which was granted, and Defendants were provided with time to retain new counsel and respond to the pending motion. ECF 22. The time within which to do so has expired, and Defendants have filed nothing of record with the Court since the motion to withdraw was granted on May 16, 2023.

Admissions.  Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  The Third Circuit has "held that 'deemed admissions' under Fed. R. Civ. P. 36(a) are sufficient to support orders of summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 176 n.7 (3d Cir. 1990) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

Such is the case here.  The key issues in Plaintiff's breach of contract claim are whether B&T borrowed and received a sum pursuant to the Note that they have not repaid in full, despite being contractually obligated to do so, and whether the individual Defendants are therefore also liable as guarantors of B&T's obligations.  By failing to respond to Plaintiff's requests for admission, Defendants effectively admitted that they breached their obligations under the Note.[3]  Because Defendants admitted to facts that taken together suffice to establish a breach of contract claim, and have not introduced evidence to cast doubt as to the facts otherwise admitted, Plaintiff has established a legally sufficient basis on which to award of summary judgment it its favor on the breach of contract claim.[4]  Based on the explicit language of the Note, that award must include reasonable attorney's fees.  Pl.'s Ex. 1 at 1.

---

[3] Apart from Defendants' deemed admissions, Plaintiff has submitted independent evidence to establish the propriety of summary judgment on its breach of contract claim.  The Note establishes Defendants' obligations on its face, Pl.'s Ex. 1; business records show the $985,000 transfer to B&T, Pl.'s Ex. B; and Eagle Six transaction records reveal that Defendants failed to make all the payments required by the Note, Pl.'s Ex. C; Pl.'s Ex. A-4.  Defendants have not called into question the legitimacy of this evidence.

[4] As a result, it is not necessary to reach Plaintiff's alternative promissory estoppel and unjust enrichment claims.

In their Answer, Defendants raised the following four affirmative defenses to Plaintiff's breach of contract claim:

1. The Note was an unconscionable contract of adhesion that was not negotiated at arms-length.

2. The Note was part of a series of criminally usurious loans and was issued with the intent to defraud investors and lauder money.

3. The Note charges an interest rate in excess of the maximum allowed under Pennsylvania law which is usurious and void ab initio.

4. Plaintiff's claims are barred because they arise out of fraudulent activity.

ECF 6 at ¶¶ 43-46.

Defendants bear the burden of proving their affirmative defenses and have introduced no evidence into the record to support those defenses. There is therefore no genuine dispute of material fact that would preclude summary judgment.[5]

## IV. Conclusion

For the reasons set forth above, summary judgment will be entered in favor of Plaintiff, by and through its Court-Appointed Receiver, on its breach of contract claim against all Defendants. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[5] Defendants' third affirmative defense fails as a matter of law for the separate reason that Pennsylvania exempts business loans from maximum interest rate requirements. *See* 41 P.S. § 201(b)(3).